RAYMOND F. RANKIN and ALICE R. RANKIN, his wife, complainants-respondents,

*v.*

ROBERT J. COMPTON and GLADYS E. COMPTON, his wife, defendants-appellants.

Submitted October term, 1946. Decided January 17th, 1947.]

*Mr. Emory J. Kiess (Mr. William Charlton,* of counsel), for the complainants-respondents.

*Mr. Albert B. Melnik,* for the defendants-appellants.

The opinion of the court was delivered by

EASTWOOD, J.

The decree under review grants to the purchaser specific performance of a contract for the sale of a parcel of real estate situate at Margate, Atlantic County.

The sale price is $6,850. There is a mortgage of $3,000 against the premises in question payable in monthly installments at the rate of $600 per year. The contract has a clause that should it be "impossible for the seller to pay off the existing mortgage * * * at a reasonable charge, then in that event the $1,000 deposit shall be returned to the buyers and this agreement declared null and void." There is no dispute as to the contract having been duly entered into and the down payment of $1,000 made by complainants-respondents. Defendants-appellants later sought to void the contract and returned the deposit, which complainants-respondents refused. The principal ground for cancellation of the contract was that a charge of $300 to cancel the existing mortgage ·(in addition to the principal thereof amounting to the reduced amount of $2,800) was not reasonable. However,

there is testimony indicating that such amount is the sum which the mortgagee's agent said would be required, and defendants-appellants were possessed of that knowledge at the time the contract of sale was executed. Complainants-respondents on the other hand insist that this was but the pretext for the cancellation and that the real reason was a change of heart, due primarily to defendants-appellants' inability to procure a suitable house at a satisfactory price in another city, where they desired to live. The Vice-Chancellor so found.

The first point made is that the agreement is uncertain and is not, therefore, the proper subject of specific performance. This has relation to the provision last adverted to. It is said that there is no "measuring rod" or "guide" by which "a reasonable charge" is to be fixed, and, therefore, that this portion of the agreement is indefinite and uncertain. The inquiry is whether the parties have fixed a standard or measure of value so that the court may, without making a contract, ascertain the price according to the standard thus fixed, and enforce the contract—*e. g.*, "fair price" or "fair valuation." Is "reasonable charge" in this category? It would seem so.

But this point is involved in the second. It is urged here that specific performance cannot be decreed where, as here, it calls for the payment of the mortgage, for the mortgagee cannot be compelled to accept payment of the mortgage until it matures, and so the decree is nugatory and unenforceable.

This point is well taken. It calls upon the vendor to do that which is not within his power. The decree is not effective against the mortgagee. He is not a party to the suit.

As previously indicated, the Vice-Chancellor found that this provision is not invoked in good faith, and that the vendor knew before he signed the contract the price was $300, and had determined to pay it if he could not get a reduction, and that he could get the same terms at the time of the final hearing. It is, however, doubtful that the mortgagee thereby became bound to accept this price, or to cancel the mortgage at any price; and the decree is not so conditioned, assuming that this would be appropriate in a decree of this character.

The vendees, however, have agreed to a modification of

the decree that will eliminate the provision respecting the mortgage lien, and to take title "subject to the existing mortgage with an abatement of the amount of the said mortgage," if this court concludes such provision is beyond the power of equity in the circumstances. There appears to be no plausible reason why this course should not be pursued. It disposes of the first point as well as the second.

The decree should be modified as above indicated, and as modified, affirmed.

*For affirmance*—None.

*For reversal*—McGEEHAN, J. 1.

*For modification*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McLEAN, JJ. 14.